IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| JOHN CHRISTOPHER BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-0268 |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is the Internal Revenue Service's Motion to Set Aside Entry of Default.(Document No. 14.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the Internal Revenue Service's Motion has been referred to the undersigned for consideration. (Document No. 3.) Having considered the circumstances and the applicable law, the undersigned respectfully recommends that the District Court grant the Internal Revenue Service's Motion, substitute the United States as the Defendant in this matter and order the issuance of a Summons requiring the United States' response to Plaintiff's claim.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 21, 2008, the District Court received a letter from Plaintiff indicating that he disputed certain taxes which the Internal Revenue Service required him to pay. Plaintiff states that the Internal Revenue Service applied a tax refund which he was expecting in the amount of $835 toward the unpaid taxes. Plaintiff asserts that he is not responsible for the taxes as the Internal Revenue Service claims and is requesting that the Internal Revenue Service be directed to refund his $835. Plaintiff's letter was designated a Complaint. (Document No. 1.) Plaintiff also submitted

an Application to Proceed Without Prepayment of Fees or Costs. (Document No. 2.) On May 2, 2008, the undersigned filed an Order granting Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and ordering the issuance of a Summons requiring the Internal Revenue Service to file a response to Plaintiff's claims. (Document No. 4.) A Summons was issued and returned executed. (Document Nos. 5 and 6.) It appears that the Internal Revenue Service was served on May 9, 2008. The Internal Revenue Service' response was due sixty days later or by July 8, 2008. On July 23, 2008, Plaintiff filed a Motion for Entry of Default Against the Internal Revenue Service. (Document No. 9.) That same day, the Clerk of the District Court filed an Entry of Default by Clerk finding that the Internal Revenue Service had not filed a response to Plaintiff's Complaint within the allotted sixty day period, granting judgment by default and stating that "plaintiff shall have and recover of the said defendant such sum or sums as the plaintiff shall prove to the Court." (Document No. 10.) On August 8, 2008, the Internal Revenue Service filed its Motion to Set Aside Default. (Document No. 14.) The Internal Revenue Service states that the District Court should set aside the entry of default because it does not have jurisdiction over the Internal Revenue Service and for good cause shown. In the latter regard, the Internal Revenue Service attaches the Declaration of Anne E. Blaess, a trial attorney for the Tax Division of the United States Department of Justice. Ms. Blaess states that she was assigned to handle this matter for the Internal Revenue Service. She states that her husband suffered a heart attack on July 2, 2008, and consequently, she was out of the office for several weeks after that and could not file a response to Plaintiff's Complaint. In its Memorandum in Support (Document No. 15.), the Internal Revenue Service states essentially that the Internal Revenue Service is not properly a party in this matter. Rather, the United States is under 26 U.S.C.

§ 7422(f).[1] The Internal Revenue Service further asserts that setting aside the entry of default is appropriate in consideration of the factors to which the District Court resorts under Federal Rule of Civil Procedure 55(c). Plaintiff has not filed a response to the Internal Revenue Service's Motion.

**DISCUSSION**

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ." In <u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198, 204 - 205 (4th Cir. 2006), the Fourth Circuit stated the factors to be considered in deciding whether or not to set aside an entry of default under Rule 55(c): "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Considering the first factor, the undersigned finds that the Internal Revenue Service has a meritorious defense insofar as it is not properly a party to this proceeding. Pursuant to 28 U.S.C. § 1346(a)(1), District Courts have jurisdiction over actions for the recovery of taxes alleged to have been erroneously or illegally assessed or collected. In order to be heard in the District Courts, a taxpayers must pay the taxes, file administrative claims with the Internal Revenue Service for refunds, and if the Internal Revenue Service denies their claims, sue *the United States* for the refunds in the appropriate United States District Courts. <u>See</u> 28 U.S.C.

---

[1] 26 U.S.C. § 7422(f)(1) provides that " A suit or proceeding referred to in subsection (a) [for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected] may be maintained only against the United States . . . ." 26 U.S.C. § 7422(f)(2) provides that if a suit is improperly brought against an officer or employee of the United States, "the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party . . . as of the time such action commenced, upon proper service of process upon the United States."

§ 7422(a). It has been stated generally when the Internal Revenue Service has been sued for a refund of taxes that "the IRS cannot sue and be sued." When the Internal Revenue Service has been sued, the United States has been substituted for the Internal Revenue Service as the Defendant. See Toland v. Internal Revenue Service, 2000 WL 33181798 (D.Nev.). Judgment against the Internal Revenue Service can therefore have no effect. While this consideration alone is reason enough to set aside the entry of default in this case, the undersigned finds that good cause is shown in consideration of the remaining factors. The Internal Revenue Service proceeded with reasonable promptness in requesting that the entry of default be set aside. There is no indication of any history of dilatory action, and there does not appear to be a sanction less drastic. Importantly, as the Internal Revenue Service points out, Plaintiff will not be prejudiced. This matter will proceed on the merits of Plaintiff's claims. The undersigned therefore concludes, and respectfully recommends, that the Internal Revenue Service's Motion to Set Aside Entry of Default (Document No. 14.) should be granted and the United States should be substituted for the Internal Revenue Service as the Defendant in this matter.

### PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that District Court **GRANT** the Internal Revenue Service's Motion to Set Aside Entry of Default (Document No. 14.) and order that the United States be substituted for the Internal Revenue Service as the Defendant in this matter and that a Summons be issued requiring the United States to respond to Plaintiff's Complaint.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 13, 2009.

R. Clarke VanDervort
United States Magistrate Judge