**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **JOHN CHRISTOPHER BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:08-0268** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Preliminary Injunction (Document No. 26.), filed on June 11, 2009.[1] Plaintiff contends that "[o]n or about May 15, 2009, the Internal Revenue Service [IRS] recorded a Notice of Federal Tax Lien against certain real property owned by Plaintiff in Vansant, Virginia" and "placed a levy on Plaintiff's personal banking account with Branch of Banking and Trust Company." (Id.) Plaintiff, therefore, "respectfully asks to be protected against collection procedures described above." (Id.) Specifically, Plaintiff requests that a preliminary injunction be entered against the United States (1) suspending "all collection activities of unpaid taxes for Legal Graphics, Inc., including penalties and interest for as long as the court sees fit;" (2)"releasing all federal tax liens and levies;" (3) preventing the seizure of any personal property; and (4) precluding the "contacting of any third parties with intent to collect." (Id.)

On June 26, 2009, the United States filed its "Memorandum in Opposition to Motion for Preliminary Injunction." (Document No. 27.) The United States argues that Plaintiff's Motion should be dismissed "because the Anti-Injunction Act and the Declaratory Judgment Act bars the relief

_____

[1] On August 24, 2009, Plaintiff and the United States filed their "Consent to Proceed before a United States Magistrate in a Civil Proceeding." (Document Nos. 33 and 34.)

sought by Plaintiff." (<u>Id.</u>) Specifically, the United States contends that the "Anti-Injunction Act deprives the Court of jurisdiction to enjoin the ability of the Internal Revenue Service to assess and collect taxes." (<u>Id.</u>) The United States further asserts that the "Declaratory Judgment Act prohibits actions seeking a declaration with respect to federal taxes." (<u>Id.</u>)

The Anti-Injunction Act, 26 U.S.C. § 7421, states in pertinent part, as follows:

> . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Thus, the Anti-Injunction Act prohibits Federal Courts from entertaining actions filed to restrain the assessment or collection of taxes. <u>O'Hagan v. United States</u>, 86 F.3d 776 (8th Cir. 1996);<u>see also International Lotto Fund v. Virginia State Lottery Dept.</u>, 20 F.3d 589, 591 (4th Cir. 1994)(stating that "[n]o court is permitted to interfere with the federal government's ability to collect or assess taxes"). The Anti-Injunction Act further deprives the Court of subject matter jurisdiction to grant preliminary injunctive relief enjoining the collection of taxes. <u>International Lotto Fund</u>, 20 F.3d at 591(stating that an "injunction against the collection of the tax by withholding enjoins the collection of the tax, and is therefore contrary to the express language of the Anti-Injunction Act"); <u>Rosson v. United States</u>, 127 Fed.Appx. 398, 400 (10th Cir. 2005)(finding that the Anti-Injunction Act, which prohibits suit to restrain the assessment or collection of taxes, precluded taxpayers, who were proceeding *pro se*, from maintaining suit seeking injunctive relief to prevent the IRS from collecting taxes from them in the future). The two primary objectives of the Anti-Injunction Act are "[1] to allow the federal government to assess and collect allegedly due taxes without judicial interference and [2] to compel taxpayers to raise their objections to collected taxes in suits for refunds." <u>In re Leckie Smokeless Coal Co.</u>, 99 F.3d 573, 584 (4th Cir. 1996); <u>also see Bob Jones Univ. v. Simon</u>, 416 U.S.

725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974)(The primary objective of the Anti-Injunction Act is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference"); Jones v. United States, 889 F.2d 1448, 1449-50 (5th Cir. 1989)(The Anti-Injunction Act "insures that, once a tax has been assessed, the taxpayer ordinarily has no power to prevent the IRS from collecting it; his only recourse is to pay the tax in full, and then sue for a refund."); Kim v. United States, 461 F.Supp.2d 34, 39 (D.D.C. 2006)(finding that the Anti-Injunction Act requires that the legal right to the disputed sums be determined in a suit for refund).

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides, in pertinent part, as follows:

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than action brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Thus, the Declaratory Judgment Act specifically exempts from its coverage cases "with respect to Federal taxes." Furthermore, the United States Supreme Court has stated that "[t]here is no dispute . . . that the federal tax exemption to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." Bob Jones Univ. v. Simon, 416 U.S. at 733, 94 S.Ct. at 2044. In Sigmon Coal Co., Inc. v. Apfel, 226 F.3d 291, 299 (4th Cir. 2000), the Fourth Circuit stated that "[e]ven though the Anti-Injunction Act concerns federal courts' subject matter jurisdiction and the tax-exclusion provision of the Declaratory Judgment Act concerns the issuance of a particular remedy, the two statutory texts are, in underlying intent and practical effect, coextensive. Sigmon Coal Co., Inc. v. Apfel, 226 F.3d 291, 299 (4th Cir. 2000)(stating that the Anti-Injunction Act and the Declaratory

Judgment Act "reflect the congressional antipathy for premature interference with the assessment or collection of any federal tax").

Based on the foregoing, Plaintiff's Motion for Preliminary Injunction must be denied. By his Motion, Plaintiff requests that the Court enjoin the United States from collecting unpaid taxes, seizing personal property, and "contacting any third parties with the intent to collect." Plaintiff further requests that the United States be required to release "all federal tax liens and levies." The Anti-Injunction Act and the Declaratory Judgment Act bar the relief sought by Plaintiff. See Harriman v. Internal Revenue Services, 233 F.Supp.2d 451, 460 (E.D.N.Y. 2002)(finding that the Anti-Injunction Act barred suit to enjoin the IRS from taking any further refunds from taxpayer's income tax returns and from charging her late fees); and Greenhouse v. United States, 780 F.Supp. 136, 140-41 (S.D.N.Y. 1991)(Anti-Injunction Act and Declaratory Judgment Act precluded District Court from granting taxpayers declaratory and injunctive relief and declaring that taxpayers' various tax liabilities were null and void). Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Preliminary Injunction (Document No. 26.) is **DENIED**.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: September 11, 2009.

R. Clarke VanDervort
United States Magistrate Judge

4